

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–1161

|  |  |
|---|---|
| | **Opinion Delivered** September 24, 2014 |
| DEBRA WHITE<br>APPELLANT | APPEAL FROM THE YELL COUNTY CIRCUIT COURT, DANVILLE DISTRICT<br>[NO. 75SJV-12-14] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD<br>APPELLEES | HONORABLE TERRY SULLIVAN, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

The Yell County Circuit Court terminated the parental rights of appellant Debra White to her daughter, F.W., born June 23, 2000. White's counsel has filed a motion to withdraw and a no-merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[1] and Arkansas Supreme Court Rule 6-9(i),[2] contending that there are no meritorious grounds to support an appeal. The clerk of our court mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal.

---

[1]359 Ark. 131, 194 S.W.3d 739 (2004).

[2](2013).

Appellant has not filed any pro se points for reversal. We affirm the termination order and grant counsel's motion to withdraw.[3]

The Arkansas Department of Human Services (DHS) petitioned the court for emergency custody of F.W. on June 4, 2012, after appellant was found to have a blood-alcohol level three times the legal limit, and was unable to supervise F.W. The court issued an ex parte order for emergency custody that same day. Appellant stipulated that F.W. was dependent-neglected due to appellant's "profound problem with alcohol and her lack of supervision/appropriateness toward [F.W.]." The adjudication order filed on July 20, 2012, established a goal of reunification and ordered appellant to do a number of things in order to reach the goal. In the review order filed October 15, 2012, the court found that appellant had complied with some of the court orders and case plan. It ordered DHS to continue to explore inpatient-treatment options for appellant. The court also ordered appellant to attend weekly NA/AA meetings. The goal of reunification was continued. A permanency-planning hearing took place on May 24, 2013. The court entered an order on July 3, 2013, changing the case's goal to adoption and termination of parental rights.

DHS filed a petition for the termination of appellant's parental rights on August 13, 2013. The petition listed two possible grounds for termination: (1) the child had been adjudicated by the court to be dependent-neglected and had continued out of appellant's custody for twelve months, and despite meaningful efforts by DHS to rehabilitate appellant

---

[3]This is the second time this case has been before us. We originally denied counsel's motion to withdraw and ordered rebriefing. *See White v. Arkansas Department of Human Services*, 2014 Ark. App. 421.

and correct the conditions that caused removal, those conditions have not been remedied;[4]
and (2) the child had been out of the custody of appellant for twelve months, and appellant
failed to provide significant material support.[5]

The termination hearing took place on September 20, 2013.[6] At the conclusion of the
hearing, the court granted DHS's petition. The order terminating appellant's parental rights
was entered on October 4, 2013. It stated in pertinent part:

> The juvenile has been adjudicated by the court to be dependent–neglected and have
> [sic] continued to be out of the custody of the mother for twelve (12) months and,
> despite a meaningful effort by the department to rehabilitate the mother and correct
> the conditions that caused removal, those conditions have not been remedied by
> mother. The juvenile was adjudicated dependent–neglected on July 20, 2012, as a
> result of abuse, neglect, and parental unfitness, specifically that the mother was unable
> to supervise and take care of the juvenile, in that she was intoxicated to the extent of
> three times the legal limit. The juvenile was removed from the custody of the mother,
> Debra White, on June 1, 2012, and has remained out of her custody since that date.
> Since that date, the Department has provided the following services to achieve the goal
> of reunification: therapeutic foster care placement, referrals for counseling, referrals
> for inpatient treatment, visitation, transportation, home visits, referrals for parenting
> classes, and case management. The goal of the case was reunification. Despite the
> more than reasonable efforts made by the Department, the mother has failed to correct
> the conditions that caused removal and she remains an inappropriate placement for the
> juvenile. Specifically, the mother Debra White has, since the time of the removal of
> the juvenile, failed to comply with the case plan. Debra White has failed to maintain
> a stable residence or employment, and has been homeless at times. Debra White has
> been arrested multiple times, including numerous times for DWI since this case began.
> Debra White was incarcerated at the time of this hearing, has had her probation
> revoked, and could be facing 120 days or more in a Regional Correctional Facility.
> Debra White was also ordered into alcohol and drug rehabilitation. She was admitted
> into Gateway & Harbor Recovery Centers on June 7, 20l3, but was discharged on
> June 23, 20l3, because she failed a drug screen. Debra White has made no progress on

---

[4]Ark. Code Ann. § 9–27–341(b)(3)(B)(i)(*a*) (Supp. 2013).

[5]Ark. Code Ann. § 9–27–341(b)(3)(B)(ii)(*a*) (Supp. 2013).

[6]Appellant did not attend the hearing because she was incarcerated; however, she was
represented by counsel.

the case plan or treatment efforts, nor has she obeyed court orders. The juvenile, [F.W.], deserves permanency and stability, neither of which can be provided by Debra White. The juvenile needs permanency, and if there is any possibility of adoption, there needs to be termination[.]

In terminating White's parental rights, the court found that F.W. was adoptable and that it was contrary to her best interest to be returned to appellant. This timely appeal followed.

Counsel contends that this appeal is without merit. After carefully examining the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases,[7] and we conclude that the appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and WOOD, J., agree.

*Dusti Standridge*, for appellant.

No response.

---

[7]In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. The petition must include an argument section listing all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i) (2013).